UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN CARTER HOLTZER,

        Petitioner,

v.                                     Case No. 2:06-cv-169
                                     HON. R. ALLAN EDGAR

BARRY DAVIS,

        Respondent.

_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

        The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge in this action.  The Report and Recommendation was duly served on the parties, and the Court has received objections from Petitioner.  In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.  The Court now finds the objections to be without merit.

        Petitioner objects to "each and every point" in the Report and Recommendation. According to Petitioner, it was inappropriate for the Court to quote the Michigan Court of Appeals' factual summary because the issues presented in the petition filed in this Court are different than the issues presented on appeal to the Michigan Court of Appeals.  Petitioner does not identify any factual error made by the Michigan Court of Appeals and does not claim that the Michigan Court of Appeals' opinion was misquoted by this Court.  Petitioner has not explained why the facts as presented by the Michigan Court of Appeals are not relevant to his petition or why it was error for the Magistrate Judge to rely on those facts.

The Magistrate Judge recommends that the Court find that Petitioner procedurally defaulted on the issues presented in this petition.  Petitioner maintains that the last reasoned state court opinion was the trial court's decision and maintains that decision found good cause existed for not raising the issues presented.  Petitioner misrepresents the trial court's decision.  In fact, the trial court stated that because the issues were without merit, it would have been pointless to raise them on appeal.  More importantly, the last reasoned state court decision came from the Michigan Supreme Court, which denied petitioner leave to appeal under MCR 6.508(D).

Petitioner also asserts that the Magistrate Judge erred in recommending that his ineffective assistance of counsel claims should be dismissed.  According to Petitioner, it was constitutional error for defense counsel to not present contradicting expert testimony on the hair transference issue and the luminol testing.  These issues were addressed effectively during cross-examination by defense counsel.  The conclusion that there was no constitutional error is supported by the record.

Similarly, in addressing the prosecutorial misconduct issue regarding the luminol testing, Petitioner has consistently misrepresented the testimony and record in this case.  Petitioner argues that  luminol testing does not indicate the presence of blood.  Petitioner cannot point to any testimony that indicates that luminol testing was conclusive for blood.  Petitioner wants the court to imply that the prosecutor was making that claim.  The testimony presented at trial was that luminol testing was a first line test for blood and could possibly detect the presence of blood.  The point that it was not a conclusive test for blood was brought out repeatedly by both the prosecutor and defense counsel.  Even petitioner has conceded in this petition that he wanted further expert testimony provided to point out that luminol testing could indicate only a possibility of blood.  Such testimony would be nothing more than cumulative, as everyone was in agreement that luminol testing could

not conclusively detect the presence of blood.  Everyone has conceded that further testing was necessary to conclusively establish the existence of blood evidence.

Petitioner claims that given the lack of evidence against him, prosecutorial misconduct was conclusively established regarding the improper prosecutorial claim that pubic hairs came from Darlene Wilson.  Petitioner also claims prosecutorial error for references made to petitioner's silence and references made because of petitioner's failure to turn himself in to police. Petitioner has not established that any of these claims rise to the level of prosecutorial misconduct. Moreover, there existed significant evidence that pointed to petitioner's guilt.

Petitioner claims that the AEDPA is unconstitutional.  Petitioner procedurally defaulted his claims.  Accordingly, even if the Court concluded that the AEDPA was unconstitutional, petitioner could be afforded no relief.  The petition is dismissed because the issues presented were procedurally defaulted.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge (Docket #56) is approved and adopted as the opinion of the court.


Dated: _____3/11/09_____          _____/s/ R. Allan Edgar_____
                                              R. ALLAN EDGAR
                                              UNITED STATES DISTRICT JUDGE